## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RITA BUSCEMA, Individually and on behalf
of all others similarly situated,**

**Plaintiffs,**

**vs.**                                              **Cause No. 1:19-cv-01089-JHR/KK**

**WAL-MART STORES EAST LP, WAL-
MART STORES, INC., SPECTRUM
BRANDS, INC. and THE BLACK &
DECKER CORPORATION,**

**Defendants.**

## <u>DEFENDANTS' ANSWER</u>

Defendants Wal-Mart Stores East LP, Walmart Inc. f/k/a Wal-Mart Stores, Inc.,
Spectrum Brands, Inc., and The Black & Decker Corporation ("Defendants"), by and through
counsel, for their Answer to the Class Action Complaint filed by Plaintiff Rita Buscema
("Plaintiff"), state as follows:

1.       Answering paragraph 1, Defendants deny knowledge or information sufficient to
form a belief as to the truth of the allegations contained therein.

2.       Answering paragraph 2, Defendant Wal-Mart Stores East LP admits that it is
incorporated in Delaware and has its principal place of business in Arkansas.   Defendant
Walmart Inc. admits that it is incorporated in Delaware and has its principal place of business in
Arkansas.   Defendants Spectrum Brands, Inc. admits that it is incorporated in Delaware and has
its principal place of business in Wisconsin.   Defendant The Black & Decker Corporation admits
that it is incorporated in Maryland and has its principal place of business in Maryland.   As to the

second sentence of paragraph 2, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and furthermore state that the allegations contained therein set forth legal conclusions that do not require a response.

3.      Answering paragraph 3, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.      Answering paragraph 4, Defendants deny the allegations contained therein.

5.      Answering paragraph 5, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

6.      Answering paragraph 6, Defendants state that The Black & Decker Corporation has name-brand recognition, and Black & Decker-branded and produced products have a reputation for living up to Black & Decker standards of value and quality.  Defendants deny knowledge or information sufficient to form a belief as to the reputation among Plaintiff and particular putative class members about the truth of the allegations contained therein.

7.      Answering paragraph 7, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

8.      Answering paragraph 8, Defendants state that the first sentence contains allegations that set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.  As to the

second and third sentences, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and Defendants also state that the allegations contained therein set forth legal conclusions that do not require a response. To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

9.      Answering paragraph 9, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and Defendants also state that the allegations contained therein set forth legal conclusions that do not require a response. To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

10.     Answering paragraph 10, Defendants Spectrum Brands, Inc. and The Black & Decker Corporation admit that existence of a license agreement, including amendments. Said documents speak for themselves. Except as otherwise admitted, Defendants Spectrum Brands, Inc. and The Black & Decker Corporation deny the allegations contained in this paragraph. Defendants Wal-Mart Stores East LP and Walmart Inc. deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11.     Answering paragraph 11, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

12.     Answering paragraph 12, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials speak for themselves and complied with all applicable laws and regulations.

13.     Answering paragraph 13, Defendants admit that Wal-Mart Stores East LP, Applica Consumer Products, Inc., and The Black & Decker Corporation were defendants in *Puma v. Wal-Mart Stores East LP*, No. D-202-CV-2013-06321.  Defendant Spectrum Brands, Inc. furthermore admits that it is a successor in interest to Applica Consumer Products, Inc. Defendants otherwise respond that the findings entered in that case and any other documents filed or entered in that matter speak for themselves, and that the matter is currently on appeal before the New Mexico Court of Appeals.  Except as otherwise admitted, Defendants deny the allegations in this paragraph and specifically deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action.

14.     Answering paragraph 14, Defendants state that the findings entered in *Puma v. Wal-Mart Stores East LP* and any other documents filed or entered in that matter speak for themselves, and that the matter is currently on appeal before the New Mexico Court of Appeals. Except as otherwise admitted, Defendants deny the allegations in this paragraph and specifically deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action.

15.     Answering paragraph 15, Defendants state that the findings entered in *Puma v. Wal-Mart Stores East LP* and any other documents filed or entered in that matter speak for themselves, and that the matter is currently on appeal before the New Mexico Court of Appeals. Except as otherwise admitted, Defendants deny the allegations in this paragraph and specifically

deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action.

16.    Answering paragraph 16, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials in connection with Black & Decker-branded products speak for themselves and complied with all applicable laws and regulations.  Defendants state that the findings entered in *Puma v. Wal-Mart Stores East LP* and any other documents filed or entered in that matter speak for themselves, and that the matter is currently on appeal before the New Mexico Court of Appeals.  Defendants also specifically deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action.

17.    Answering paragraph 17, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and furthermore state that the allegations contained therein set forth legal conclusions that do not require a response.  To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials in connection with Black & Decker-branded products speak for themselves and complied with all applicable laws and regulations.

**Count I – Unfair Trade Practices**

18.     Answering paragraph 18, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response.  To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials in connection with Black & Decker-branded products speak for themselves and complied with all applicable laws and regulations.

19.     Answering paragraph 19, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response.  To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials in connection with Black & Decker-branded products speak for themselves and complied with all applicable laws and regulations.

**Count II – False Advertising**

20.     Answering paragraph 20, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response.  To the extent any response is required, Defendants deny the allegations and state that any referenced statements or materials in connection with Black & Decker-branded products speak for themselves and complied with all applicable laws and regulations.

**Class Allegations**

21.     Answering paragraph 21, Defendants state that Plaintiff purports to seek to represent a class under NMRA (2019) 1-023(B)(2).  Except as expressly admitted, Defendants deny the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

22.     Answering paragraph 22, Defendants state that Plaintiff purports to seek to represent a class and provide a definition of the putative class.  Except as expressly admitted, Defendants deny the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

23.     Answering paragraph 23, Defendants state that Plaintiff purports to seek to represent a class and provide a definition of the putative class and to purport to seek certain specified forms of relief.  Except as expressly admitted, Defendants deny the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

24.     Answering paragraph 24, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny the allegations and state that the findings entered in *Puma v. Wal-Mart Stores East LP* and any other documents filed or entered in that matter speak for themselves, and that the matter is currently on appeal before the New Mexico Court of Appeals. Defendants also specifically deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action.  Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

25.     Answering paragraph 25, Defendants state that Plaintiff purports to assert questions of law or fact purportedly common to a class.  Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants specifically deny that any findings or ruling in *Puma v. Wal-Mart Stores East LP* have any preclusive effect in this action, and Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

26.    Answering paragraph 26, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

27.    Answering paragraph 27, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

28.    Answering paragraph 28, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis or that injunctive relief would be appropriate to anyone in the putative class or subclass.

29.    Answering paragraph 29, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

30.    Answering paragraph 30, Defendants state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

**Prayer**

30.     Answering Plaintiff's Prayer (beginning on Compl. at p. 8, starting at "WHEREFORE"), Defendants deny that Plaintiff or any putative class members are entitled to any relief whatsoever or that the action can proceed on any class or subclass basis. state that the allegations contained therein set forth legal conclusions that do not require a response, and to the extent any response is required, Defendants deny that Plaintiff is entitled to bring or maintain this purported action on a class or subclass basis.

## SEPARATE DEFENSES

1.     Without waiving or excusing Plaintiff's and/or putative class members' burden of proof or admitting that any of the following are in fact defenses upon which Defendants have any burden of proof as opposed to denials of matters as to which Plaintiff and/or putative class members have the burden of proof, or that Defendants have any burden of proof at all, Defendants hereby assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim)**

2.     The Complaint and any purported claims for relief alleged therein fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Standing)**

3.     Plaintiff and/or the putative class lacks standing to maintain some or all of the claims in this action, including without limitation because Plaintiff is not a proper representative of the parties on whose behalf she seeks to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud With Sufficient Particularity)

4.      Plaintiff and/or the putative class has failed to allege fraud with sufficient particularity to state a claim based on fraud upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

5.      The Complaint and any purported claims for relief alleged therein fail to state facts sufficient to recover injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.      Plaintiff's and/or the putative class's claims are barred in whole or in part by the applicable statutes of limitations, including tolling rules and borrowing statutes.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

7.      Plaintiff's and/or particular putative class members' claims for relief are barred in whole or in part because they failed to provide the adequate pre-filing notice or an opportunity to cure.

## SEVENTH AFFIRMATIVE DEFENSE

### (Settlement, Release, and Bar)

8.      Plaintiff's and/or putative class members' claims for relief are barred in whole or in part because such claims were settled and released, including without limitation by a prior settlement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Claims Barred by Conflict of Laws)

9.      Plaintiff's and/or particular putative class members' claims fail and they are barred from any recovery against Defendants to the extent the Complaint fails to comply with or conflicts with applicable choice-of-law provisions and/or choice-of-law principles.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction / Due Process)

10.     The Court lacks general personal jurisdiction, specific personal jurisdiction, or both, over some or all of Plaintiffs' and/or particular putative class members' claims, or due process does not allow for jurisdiction over said claims.

## TENTH AFFIRMATIVE DEFENSE

### (Other Party at Fault / Comparative or Contributory Fault)

11.     The harm allegedly sustained by Plaintiff and/or particular putative class members, if any, was caused by the acts or omissions of other parties or Plaintiff, and not by the acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

12.     Plaintiff's and/or potential putative class members' claims for relief are barred in whole or in part because they have failed to take reasonable steps or to use reasonable diligence to mitigate their damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Reliance)

13.     Plaintiff's and/or potential putative class members' claims for relief are barred in whole or in part because they have failed to state facts to show actual or justifiable reliance.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages / No Injury in Fact)

14.    Neither Plaintiff nor any potential putative class members have suffered any damages or injury in fact by reason of any act or omission by Defendants.  The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because neither Plaintiff nor any putative class member suffered any actual injury by reason of any of Defendants' acts, conduct, or omissions as alleged in the Complaint, and/or any alleged injury was not causally related to any of Defendants' acts, conduct, or omissions as alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines Unconstitutional)

15.    The penalties and remedies sought by Plaintiff and/or any potential putative class are barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution and any other applicable state constitutional provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Intent to Deceive)

16.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendants lacked the intent to deceive.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith / Lack of Malice)

17.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendants' conduct was in good faith, and all of the conduct, acts, and/or omissions of Defendants were undertaken without malice.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Legal Obligations)

18.    The Complaint and any purported claims for relief alleged therein are barred in whole or in part, because Defendants complied, or sought in good faith to comply, with all of their legal obligations under the applicable laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct Consistent With Law And Applicable Regulations)

19.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendants' conduct was consistent with the law and applicable regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

20.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendants did not have a duty to disclose to Plaintiff or any putative class members any facts allegedly concealed.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Comply With Statutory Requirements)

21.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by Plaintiff's and/or the putative class members' failure to comply with statutory requirements that are conditions precedent to bringing and/or maintaining this action and/or to the recovery of the relief sought herein, including but not limited to notification and timeliness requirements.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches / Waiver / Estoppel / Acquiescence / Res Judicata)

22.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part by the doctrine of laches, waiver, estoppel, acquiescence, and/or res judicata.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Enjoinable Conduct)

23.    The Complaint and any purported claims for relief alleged therein fail to show any entitlement to the remedy of injunctive relief, including because they fail to state facts sufficient to show continuing acts, the threat of irreparable harm, inadequacy of a legal remedy, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Federal Preemption / Supremacy Clause)

24.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because they impose, or would impose, requirements or burdens that conflict in whole or in part, or are displaced in whole or in part by, duly enacted laws, regulations, guidance, promulgated by federal and/or state legislatures and administrative agencies, in violation of the Supremacy Clause of the U.S. Constitution and any other applicable state constitutional provisions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Contrary to Public Policy)

25.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because they impose, or would impose, requirements or burdens that conflict in whole or in part, or are displaced in whole or in part by, or are void in whole or in part as a matter of public policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contrary to U.S. and/or State Constitutions)

26.    The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because they impose, or would impose, requirements or burdens that are in

violation in whole or in part, or are displaced in whole or in part by, the U.S. Constitution and any other applicable state constitutional provisions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation Of Rights)

27.     Defendants do not presently know all of the facts and circumstances regarding Plaintiff's or any putative class members' claims.  Defendants reserve their respective rights to assert additional defenses and affirmative defenses as they become known.

WHEREFORE, Defendants pray for judgment as follows:

1.     That neither Plaintiff nor any putative class member take anything by way of the Complaint, and that the same be dismissed with prejudice on the merits;

2.     That judgment be entered in favor of Defendants and against Plaintiff and (should the case be certified) the putative class members;

3.     That Defendants be awarded reasonable attorneys' fees and costs of suit herein, as provided by law; and

4.     That Defendants be granted such further and other relief as the Court deems just and proper.

Respectfully Submitted,

**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

By:   */s/ Jennifer G. Anderson*
        Jennifer G. Anderson
        Emil J. Kiehne
        500 Fourth Street NW, Suite 1000
        Albuquerque, New Mexico  87102
        Tel: (505) 848-1800
        *jga@modrall.com*
        *ejk@modrall.com*
        *Attorneys for Defendants Wal-Mart Stores East LP,*
        *Walmart Inc., Spectrum Brands, Inc., The Black & Decker*
        *Corporation (specially appearing without waiver of any*
        *jurisdictional issues)*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December, 2019, I filed the foregoing document through the CM/ECF system causing all parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing and the foregoing emailed to the following:

Floyd Wilson
Floyd Wilson, P.C.
12480 State Highway 14 N. Ste. 105
Cedar Crest, NM 87008-9736
Tel: (505) 948-0004
*floydwilsonlaw@gmail.com*

David Freedman
Freedman Boyd Hollander Goldberg
Urias & Ward, PA
P.O. Box 25326
Albuquerque, NM 87125-0326
Tel: (505) 842-9960
*daf@fbdlaw.com*

*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

By: */s/ Jennifer G. Anderson*
        Jennifer G. Anderson

16