UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RITA BUSCEMA,
individually, and on behalf of all others similarly situated,

       Plaintiff,

vs.                                  Case No. 19-CV-01089-MV-KK

WAL-MART STORES EAST LP, WAL-MART
STORES, INC., SPECTRUM BRANDS, INC.,
AND THE BLACK & DECKER CORPORATION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Rita Buscema's Motion to Dismiss Without Prejudice. Doc. 22. Defendants Wal-Mart Stores East LP, Wal-Mart Stores, Inc., Spectrum Brands, Inc., and The Black & Decker Corporation ("Defendants") filed a response in opposition [Doc. 26] and Ms. Buscema filed a reply [Doc. 29]. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be **GRANTED**. The Court will accordingly order that this action be dismissed without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### BACKGROUND

On September 19, 2019, Ms. Buscema filed a Class Action Complaint for Breach of Consumer Protection Statutes and for Injunctive Relief in the Second Judicial District Court in Bernalillo County. *See* Doc. 1 at Ex. 1 ("Complaint"). The Complaint asserts two claims for relief: an individual claim for money damages in the amount of $300 pursuant to NMSA 1978 § 57-12-10B and a class claim for injunctive relief under NMRA (2019) 1-023C(4)(a). *Id*. at ¶¶ 22

1

and 30.  On November 21, 2019, Defendants filed a Notice of Removal removing the case from the Second Judicial District to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  *See* Doc. 1 at 1.  Ms. Buscema then moved the Court to remand the case back to state court under 28 U.S.C. § 1447 for lack of subject matter jurisdiction.  *See generally* Doc. 7.  In a Memorandum Opinion and Order filed April 16, 2020, the Court found that Ms. Buscema lacks Article III standing to pursue her class claim in federal court but that the Defendants had properly invoked the Court's jurisdiction over her individual claim.  *See* Doc. 17 at 16, 18–19.  The Court accordingly granted Ms. Buscema's motion in part by remanding her class claim to state court but declining to remand her individual claim.  *See id*. at 19.

Ms. Buscema now asks the Court to dismiss her individual claim without prejudice so that she can avoid "litigating substantially overlapping issues in two different courts."  Doc. 22 at 1.  Defendants respond that the Court should either dismiss the action with prejudice or order Ms. Buscema to pay attorneys' fees and costs.  Doc. 26 at 5.

## DISCUSSION

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, once a defendant files an answer or a motion for summary judgment, an action may only be dismissed by court order and "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The purpose of the Rule is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).  Absent "legal prejudice" to the defendant, however, "the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted).  In determining whether a dismissal will cause prejudice, the district court should consider: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of

the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Id*. These factors are non-exhaustive, and "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate." *Id.* Further, "the district court should endeavor to [e]nsure substantial justice is accorded to both parties." *Id.* The Court must accordingly "consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion." *Id.* Finally, "the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case." *Id.*

Applying these factors, Ms. Buscema first argues that Defendants have not expended a significant amount of effort or expense in preparing for trial because "no discovery has been taken, no motions have been filed, [] the case has not been set for trial… [and] [t]he Initial Scheduling Conference has not yet occurred." Doc. 22 at 2. She next argues that there has been no "excessive delay [or] lack of diligence" on her part. *Id*. As for the reason for the requested dismissal, Ms. Buscema explains that requiring her to litigate "substantially overlapping issues in two different courts" would result in unnecessary inefficiencies and expenses. *Id*. at 1. Finally, she submits that the case is in the "early stages of litigation" and that to date no Joint Status Report or Provisional Discovery Plan has been entered by the Court. *Id*. at 3.

In response, Defendants argue that the Court should dismiss the instant case with prejudice because they have "expended significant effort in first evaluating the removability of the case and then litigating the remand motion brought by Plaintiffs." Doc. 26 at 5. Defendants also claim that "the track record in this case and in the previous *Puma* litigation evidences gamesmanship" on the part of Ms. Buscema. *See id*. at 3. Ms. Buscema replies that Defendants' characterization of their litigation history "stands the result of the *Puma* litigation on its head" because the court in that

case ruled in her favor and found that Defendants had knowingly and willfully violated the New Mexico Unfair Practices Act. Doc. 29 at 1. She further represents that she does not plan to immediately re-file her individual claim in state court if it is dismissed without prejudice because "[a]t this point, [she] believes that her duties to the Class would be best served by holding her personal claim in abeyance." *Id*. at 2.

The Court finds that the equities of this case and the factors set forth in *Ohlander* weigh in favor of dismissal without prejudice. As Ms. Buscema points out, at this early stage of the case the parties have not yet expended significant time or resources conducting discovery or litigating motions. And to the extent Defendants expended resources litigating Ms. Buscema's Motion to Remand, that was a direct and foreseeable consequence of their own decision to remove the case to federal court, where Ms. Buscema plainly lacks Article III standing to bring her class claim. *See* Doc. 17 at 18–19. Nor does the Court find that Ms. Buscema has caused excessive delay or demonstrated a lack of diligence. *See Ohlander*, 114 F.3d at 1537. She filed her Motion to Remand within a month of Defendants filing their Notice of Removal [*see* Docs. 1 and 7] and she filed the instant Motion to Dismiss approximately five and a half weeks after the Court entered its Memorandum Opinion and Order declining to remand her individual claim to state court [*see* Docs. 17 and 22]. The Court further finds that Ms. Buscema's stated reason for requesting dismissal–that litigating her individual claim in federal court while litigating her class claim in state court would be prohibitively costly and inefficient–is a sufficient explanation. *See Ohlander*, 114 F.3d at 1537. It also relies on Ms. Buscema's representation that the instant motion is not a pretext for seeking a change of venue because she will not be immediately refiling her individual claim in state court. *See* Doc. 29 at 2. Finally, the Court notes that this case is at an early, pre-discovery

4

stage of litigation. *See Ohlander*, 114 F.3d at 1537. The Court accordingly finds that dismissal without prejudice under Rule 41(a)(2) is proper and equitable under the circumstances.

Given that the Court is dismissing the instant case without prejudice, the Defendants ask for an award of attorneys' fees and costs. Doc. 26 at 4. In support, they point to caselaw finding that such an award is appropriate "especially where… the expenses in the federal litigation proved unnecessary." *Id*. at 6 (citations omitted). Defendants also point to caselaw holding that attorneys' fees and costs should be awarded "when the plaintiff plans to refile in state court." *Id*. (quoting *Rippetoe v. Taos Living Ctr.*, Case No. 12-CV-0646 JAP-LFG, 2013 WL 12138880, at *3 (D.N.M. Jan. 8, 2013) (unreported)). In response, Ms. Buscema represents that she "lacks the resources to pay the Defendants' attorney fees" and must therefore be given an opportunity to withdraw her Motion to Dismiss before being ordered to pay such fees. Doc. 29 at 4–5.

Noting that the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory," *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996), the Court will exercise its discretion to refrain from ordering them here. Although the Court understands that attorneys' fees should be ordered to deter duplicative litigation where a plaintiff intends to re-file following dismissal, it again relies on Ms. Buscema's representation that that is not her intention in the instant case. Doc. 29 at 2. The Court is also unpersuaded by Defendants' argument that such fees should be awarded where the "federal litigation proved unnecessary" [Doc. 26 at 6] because they were the party that gave rise to the federal litigation in this case by removing the case to this Court.

## CONCLUSION

For the reasons set forth above, Ms. Buscema's Motion to Dismiss Without Prejudice [Doc. 22] is hereby **GRANTED**.  This action will accordingly be dismissed without prejudice by order of the Court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated this 7th day of July, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE